IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
WESTERN DIVISION

FILED BY ⟨signature⟩ D.C.

05 AUG 11  AM 8: 07

THOMAS M. GOULD
CLERK, U.S. DISTRICT COURT
W/D OF TN, MEMPHIS

WALTER MCGHEE, II

        Plaintiff,

vs.                                    No. 05-2281-Ml/V

THOMAS E. HANSOM, et al.,

        Defendants.

---

ORDER GRANTING MOTIONS FOR SUMMARY JUDGMENT
ORDER OF DISMISSAL
AND
ORDER CERTIFYING APPEAL NOT TAKEN IN GOOD FAITH

---

On March 16, 2005, Plaintiff Walter McGhee filed a pro se
complaint in Shelby County Circuit Court against Thomas Hansom,
Jean Markowitz, P. Boyce, H. Moss, and Causey & Caywood, PLLC.  On
April 15, 2005, Defendant Markowitz, proceeding on behalf of all
Defendants who had been served, filed a notice of removal pursuant
to 28 U.S.C. §§ 1441, 1443, and 1446, requesting this Court to
exercise jurisdiction over Plaintiff's claims that the Defendants
had conspired to deny him his civil rights through acts of forgery,
fraud, and legal malpractice.

On April 19, 2005, Defendants Markowitz and "Causey & Caywood,
PLLC" filed motions to dismiss and/or in the alternative for
summary judgment, along with supporting memoranda and affidavits.
On April 22, 2005, Defendants Boyce and Moss filed a joint motion
to dismiss.  On June 9, 2005, the Court entered an order directing
Plaintiff to respond to the motions filed by the defendants.  On
June 17, 2005, McGhee filed his response.

This document entered on the docket sheet in compliance
with Rule 58 and/or 79(a) FRCP on 8-11-05

⟨15⟩

Plaintiff alleges that defendants responded to a previously filed complaint, McGhee v. Boyce, No. 04-2515-Ml/V, an action for false arrest, by "intentionally submitting an altered city document as their defense." Defendants Markowitz and Hansom, private attorneys acting as co-counsel, represented Defendant Officer Boyce in case no. 04-2515-Ml/V.

Defendant Markowitz obtained and attached a copy of Plaintiff McGee's traffic ticket as an exhibit to Defendant Boyce's motion for summary judgment. Plaintiff's copy of the ticket, attached to the complaint in case no. 04-2515-Ml/V, contains only Officer Boyce's badge number 1737 and no signatures. Plaintiff contends the ticket was altered to add the name of Defendant Moss, who Plaintiff contends was not present at the time his ticket was issued and did not appear in traffic court to testify against him.

Plaintiff further contends that "altering documents are part of the Tennessee Bar Association's testing requirements, policies [sic] and is done as a common practice." He further alleges that "it is a common practice, by the defendants, to alter/change documents to swindle, manipulate the truth, dupe and insult the integrity of the federal court and to deceive the judge presiding over the case."

Defendant Markowitz, by affidavit, states that she obtained the copy of Plaintiff's traffic ticket through the City Court Clerk. Defendant Markowitz states that she has never had contact or discussions with Defendant Officer Moss. Markowitz states that "Causey and Caywood, PLLC" made no appearance in case no. 04-2515-Ml/V. Her statement is fully supported by the record in case no.

2

04-2515-Ml/V. Markowitz has filed the affidavit of Thomas E. Long, City Court Clerk and custodian of records for the City Clerk's office. Long has provided a copy of Plaintiff's traffic ticket #W101959. The copy of the ticket is identical to the one filed as an exhibit by Markowitz in case no. 04-2515-Ml/V.

Defendant "Causey and Caywood, PLLC" has also filed a motion for summary judgment based upon the nonexistence of any suable entity known as "Causey and Caywood, PLLC," and the fact that neither attorney Causey nor attorney Caywood made an appearance in case no. 04-2515. Additionally, "Causey and Caywood, PLLC" contends the complaint contains no allegations against it, whether properly named or not.

Defendant Officers Boyce and Moss have also filed a motion to dismiss. Officer Moss correctly contends that because he was not a named defendant in case no. 04-2515-Ml/V, he did not make an appearance in that case. Defendants Boyce and Moss contend that the completion of a routine traffic ticket after giving the driver his copy does not violate any clearly established constitutional right.

To the extent Plaintiff seeks to renew his request for entry of default against the parties who have filed motions to dismiss, rather than answers to the complaint, the defendants timely filed motions to dismiss the Plaintiff's complaint and, in particular, denied that the Plaintiff was entitled to any of relief. "A default may be entered by the clerk only with regard to a claim for affirmative relief against a party who has failed to plead or otherwise defend." 10A Charles Alan Wright, Arthur R. Miller, &

3

Mary Kay Kane, <u>Federal Practice and Procedure</u> § 2682 (3d ed.). Since the defendants "otherwise defend[ed]" by challenging the sufficiency of Plaintiff's complaint, they are not in default. Plaintiff's renewed request for default is, therefore, DENIED.[1]

Plaintiff's response to the defendants' motions reiterates the allegations of his complaint: Moss' signature or name does not appear on his copy of the ticket, Moss did not appear to testify against him at traffic court. McGhee, therefore, concludes that the ticket was altered and a fraud. The remainder of Plaintiff's response is an attempt to relitigate the accusations made in case no. 04-2515-M1/V.

Plaintiff's attempt to relitigate his claims against Officer Boyce is barred by both the claim and issue preclusion branches of the res judicata doctrine. <u>See</u> C. Wright, <u>Law of Federal Courts</u>, § 100A at 680, 682 (1983). "A final judgment on the merits of an action precludes the parties or their privies from relitigating issues that **were** or **could have been raised** in that action." <u>Federated Dept. Stores, Inc. v. Moitie</u>, 452 U.S. 394, 398 (1981)(emphasis added). The dismissal in case no. 04-2515-M1/V was a judgment on the merits.

> The rules of finality, both statutory and judge made, treat a dismissal on statute-of-limitations grounds the same way they treat a dismissal for failure to state a claim, for failure to prove substantive liability, or for failure to prosecute: as a judgment on the merits. <u>See</u>, <u>e.g.</u>, Fed. Rule Civ. Proc. 41(b); <u>United States v. Oppenheimer</u>, 242 U.S. 85, 87-88 (1916).

---

[1] Service was not effected upon defendant Hansom before the removal of the complaint from state court and this Court has not directed the Clerk to issue further process.

<u>Plaut v. Spendthrift Farm, Inc.</u>, 514 U.S. 211, 228 (1995).

> Where a plaintiff has sued parties in serial litigation over the same transaction; where plaintiff chose the original forum and had the opportunity to raise all its claims relating to the disputed transaction in the first action; where there was a "special relationship" between the defendants in each action, if not complete identity of parties; and where although the prior action was concluded, the plaintiff's later suit continued to seek essentially similar relief--the courts have denied the plaintiff a second bite at the apple.

<u>Lubrizol Corp. v. Exxon Corp.</u>, 871 F.2d 1279, 1288 (5th Cir. 1989);

<u>see also</u> <u>The Restatement (Second) Judgments</u> § 51 (1982).[2]

Plaintiff's only allegation against Defendants Moss and "Causey and Caywood, PLLC" is that "[o]n February 3, 2005 [in case no. 04-2515-Ml/V, those defendants] responded to the complaint by intentionally submitting an altered city document as their defense and evidence."  The record of case no. 04-2515-Ml/V demonstrates that McGhee's allegation is devoid of factual foundation.  Officer Moss was not named as a defendant in that case and neither attorney Causey nor attorney Caywood made an appearance in that case.

McGhee makes no further factual allegations against Moss or "Causey & Caywood, PLLC."  When a plaintiff completely fails to allege any action by a defendant, it necessarily "appears beyond doubt that the plaintiff can prove no set of facts which would entitle him to relief."  <u>Spruytte v. Walters</u>, 753 F. 2d 498, 500 (6th Cir. 1985).

---

[2]    Plaintiff attached a copy of his application for certificate of title for a 1988 Cadillac, dated May 9, 2003.  To the extent that Plaintiff held a valid belief that the document supported his claims in case no. 04-2515-Ml/V, the document should have been filed as an exhibit in that case.

McGhee may not sue Markowitz or Hansom for statements made and/or actions taken during the prior court proceedings. It is generally recognized that statements made in the course of a judicial proceeding that are relevant and pertinent to the issues involved are absolutely privileged and cannot be the predicate for liability in an action for libel, slander, or invasion of privacy. Lambdin Funeral Service, Inc. v. Griffith, 559 S.W.2d 791, 792 (1978); Jones v. Trice, 360 S.W.2d 48, 50-51 (1962); 62 Am. Jur. 2d Privacy § 14; 53 C. J. S. Libel & Slander § 104. This absolute privilege holds true even in those situations where the statements are made maliciously and corruptly. Hayslip v. Wellford, 263 S.W.2d 136, 42 A.L.R. 2d 820 (1953).

McGhee has no claim against Markowitz or Hansom for malpractice or professional negligence. A claim of common law negligence requires a duty of care owed by the defendant to the plaintiff, conduct falling below the applicable standard of care that amounts to a breach of that duty, an injury, cause in fact, and proximate or legal cause. White v. Lawrence, 975 S.W.2d 525, 529 (Tenn. 1998). In a legal negligence or malpractice case, the client must prove employment of the attorney, neglect by the attorney of a reasonable duty, and damages that resulted to the client from that neglect. Blocker v. Dearborn & Ewing, 851 S.W.2d 825, 826 (Tenn. 1993); Sammons v. Rotroff, 653 S.W.2d 740, 745 (Tenn. App. 1983). McGhee has alleged no relationship or circumstances under which Markowitz or Hansom owed him any legal duty. Markowitz and Hansom jointly represented the opposing party, Officer Boyce. As there was no attorney-client relationship

6

between McGhee, Markowitz, and Hansom, McGhee's claim for malpractice has no basis in law or fact.

Furthermore McGhee has no claim against the defendants pursuant to 42 U.S.C. § 1985.

> [I]n order to state a cause of action under § 1985, the plaintiff must allege that the defendants (1) conspired together, (2) for the purpose of depriving, directly or indirectly, a person or class of persons of the equal protection of the laws, (3) and committed an act in furtherance of the conspiracy, (4) which caused injury to person or property, or a deprivation of any right or privilege of a citizen of the United States, and (5) and that the conspiracy was motivated by racial, or other class-based, invidiously discriminatory animus.

Bass v. Robinson, 167 F.3d 1041, 1050 (6th Cir. 1999). The complaint contains no allegations whatsoever that suggest either that the Plaintiff was deprived of the equal protection of the laws or that any defendant was "motivated by racial, or other class-based, invidiously discriminatory animus." Id.; see also Smith v. Thornburg, 136 F.3d 1070, 1078 (6th Cir. 1998).

Moreover, "in order to demonstrate the necessary conspiracy, a plaintiff must allege specific acts or means by which the defendants were alleged to have conspired." Bryant-Bruce v. Vanderbilt Univ., Inc., 974 F. Supp. 1127 (M.D. Tenn. 1997); see also Brooks v. American Broadcasting Cos., 932 F.2d 495 (6th Cir. 1991) (affirming denial of motion to amend to add § 1985 claim because "the allegations are too vague and conclusory to withstand a motion to dismiss"); Jaco v. Bloechle, 739 F.2d 239, 245 (6th Cir. 1984); Lindsey v. Allstate Ins. Co., 34 F. Supp. 2d 636, 645 (W.D. Tenn. 1999). McGhee's conclusory allegations of a conspiracy are unsupported by material facts.

Accordingly, Plaintiff has failed to establish a genuine issue of material fact on any claim against the defendants and they are entitled to judgment as a matter of law.  The motions for summary judgment and motion to dismiss are GRANTED and Plaintiff's complaint is DISMISSED.

Twenty-eight U.S.C. § 1915(a)(3) provides that an appeal may not be taken in forma pauperis if the trial court certifies in writing that it is not taken in good faith.  The good faith standard is an objective one.  Coppedge v. United States, 369 U.S. 438, 445 (1962).  Accordingly, it would be inconsistent for a district court to determine that a complaint fails to state a claim upon which relief may be granted, yet has sufficient merit to support an appeal in forma pauperis.  See Williams v. Kullman, 722 F.2d 1048, 1050 n.1 (2d Cir. 1983).

Thus, the same considerations that lead the Court to dismiss this case also compel the conclusion that an appeal would be frivolous.  It is therefore CERTIFIED, pursuant to 28 U.S.C. § 1915(a)(3), that any appeal in this matter by Plaintiff is not taken in good faith, and Plaintiff may not proceed on appeal in forma pauperis.

The Sixth Circuit Court of Appeals decisions in McGore v. Wrigglesworth, 114 F.3d 601, 612-13 (6th Cir. 1997), and Callihan v. Schneider, 178 F.3d 800 (6th Cir. 1999), apply to any appeal filed by the Plaintiff in this case.  If Plaintiff files a notice of appeal, he must pay the entire $255 filing fee required by 28 U.S.C. §§ 1913 and 1917, or file a request for leave to appeal in forma pauperis by filing "within thirty days after service of the

8

district court's decision as prescribed by Fed. R. App. P. 24(a)(4), a motion with [the Sixth Circuit] for leave to proceed as a pauper on appeal." <u>Callihan</u>, 178 F.3d at 803.  Under <u>Callihan</u>, if the appellant does not within this thirty-day period either file the required motion or pay the filing fee, the appeal will be dismissed for want of prosecution.  If the appeal is dismissed, it will not be reinstated once the fee is paid.  <u>Id.</u> at 804.

IT IS SO ORDERED this __10__ day of August, 2005.

JON PHIPPS MCCALLA
UNITED STATES DISTRICT JUDGE

UNITED STATES DISTRICT COURT - WESTERN DISTRICT OF TENNESSEE



# Notice of Distribution

This notice confirms a copy of the document docketed as number 15 in
 case 2:05-CV-02281 was distributed by fax, mail, or direct printing on
August 11, 2005 to the parties listed.

---

Jean Markowitz
CAUSEY CAYWOOD
100 North Main St.
Ste. 2400
Memphis, TN 38103

Jean E. Markowitz
100 N. Main Bldg. Suite 2400
Memphis, TN 38103

Thomas E. Hansom
659 Freeman
Memphis, TN 38122

Walter McGhee
2810 Montague Avenue
Memphis, TN 38114

P. Boyce
201 Poplar Ave. 12th Floor
Memphis, TN 38103

David S. Walker
CAUSEY CAYWOOD
100 North Main St.
Ste. 2400
Memphis, TN 38103

Timothy P. Taylor
GODWIN MORRIS LAURENZI & BLOOMFIELD, P.C.
50 N. Front St.
Ste. 800
Memphis, TN 38103

Jimmy Moore
CIRCUIT COURT, 30TH JUDICIAL DISTRICT
140 Adams Ave.
Rm. 224
Memphis, TN 38103

Honorable Jon McCalla
US DISTRICT COURT